**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                   No. 99-4769

SHAWN PITTMAN,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-99-48)

Submitted: March 23, 2000

Decided: March 31, 2000

Before LUTTIG, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Anne F. Shaffer, Charleston, West Virginia, for Appellant. Rebecca
A. Betts, United States Attorney, John C. Parr, Assistant United
States Attorney, Huntington, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Shawn Pittman pled guilty to one count of aiding and abetting the possession of methamphetamine and marijuana with intent to distribute in violation of 21 U.S.C.A. § 841(a)(1) (West 1999). The district court imposed a sentence of seventy and one-half months imprisonment. Pittman appeals his sentence, alleging that the district court clearly erred in finding that he had more than a minor role in the offense. See U.S. Sentencing Guidelines Manual § 3B1.2(b) (1998). We affirm.

Early on May 10, 1998, Pittman was in a car with John "Nort" Hudson, Rob Parsons, and Overton Wayne Pauley, three members of the "Garrison Street Crew," a group of drug dealers with whom he was loosely associated. Hudson said he wanted to rob James Facemyer, a drug dealer from Florida who was staying in the area with his girlfriend, Carolyn Sue Selbe. Pittman directed the others to Selbe's trailer. Hudson and Parsons entered the trailer, armed with a gun and a hammer, while Pauley stayed in the car and Pittman kept lookout on the porch. After threatening Facemyer and Selbe, Hudson and Parsons stole methamphetamine and marijuana from the trailer. Hudson gave Pittman the keys to Facemyer's van, in which it was believed that money was hidden, and Pittman drove the van away. The others followed him to a church parking lot where all four men ransacked the van, looking for drugs or money, but found nothing. At this point, Pittman received a gram of methamphetamine for his assistance and walked home. The others later burned the van.

Pittman argued at sentencing that he had only a minor role because he was drunk at the time of the robbery, the robbery was not his idea, he did not enter the trailer or possess a weapon, he received only one gram of the stolen methamphetamine, and he allegedly drove the van away from the trailer in an effort to stop the robbery and prevent injury to the victims. The court decided against the adjustment, noting that the robbery would not have occurred without Pittman's assistance in finding Selbe's trailer, that he acted as a lookout on the porch and was thus more culpable than Pauley, that he participated in stealing

2

and searching the van, and that he shared in the loot, if only a small part of it.

The district court's factual determination under§ 3B1.2 is reviewed for clear error. See United States v. Edwards, 188 F.3d 230, 238 (4th Cir. 1999). The adjustment is intended for a defendant who is "substantially less culpable than the average participant." USSG § 3B1.2, comment. (backg'd). The inquiry is not limited to how the defendant's conduct compares with that of other participants, but also whether "the defendant's conduct is material or essential to committing the offense." United States v. Akinkoye , 185 F.3d 192, 202 (4th Cir. 1999) (internal quotation and citation omitted), cert. denied, ___ U.S. ___, 2000 WL 198801 (U.S. Feb. 22, 2000) (No. 99-7707). Here, Pittman's contribution was essential to the offense, and we find that the district court did not clearly err in concluding that he had more than a minor role.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3